**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4608

PERNELL PARKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-95-183-F)

Submitted: May 29, 1997

Decided: June 17, 1997

Before NIEMEYER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert H. Hale, Jr., Assistant Federal Public Defender, Raleigh,
North Carolina, for Appellant. Janice McKenzie Cole, United States
Attorney, Thomas B. Murphy, Assistant United States Attorney,
Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pernell Parker appeals the district court's summary order finding him guilty of criminal contempt as a result of disruptive outbursts. A review of the record reveals that Parker's outbursts occurred in open court, were intentional, and in fact obstructed the administration of justice. During sentencing, Parker disrupted the proceedings by announcing to the court that he would not accept probation. The court admonished Parker and after his outbursts continued, the court found him in contempt of court. The court agreed to revisit the issue at the end of the day.

After concluding its other sentencing matters, the court directed the United States Marshal to escort Parker back into the courtroom so that the court could revisit the contempt issue prior to sentencing him. Parker continued his tirade against the court, at which time the court attempted to advise Parker of the nature of summary contempt, the consequences, and his rights. Parker responded by stating that he had no respect for the court. The court then found Parker in contempt of court and sentenced him to imprisonment for six months, to be served consecutively to any previously imposed sentences. The court also recommended that Parker receive mental health evaluations during his incarceration for the contempt conviction.

Parker claims that the court abused its discretion by finding him in contempt after he first announced that he would not accept probation. As Parker acknowledges, in reviewing a summary contempt conviction, this court limits its review to the facts and circumstances cited by the district court in support of the conviction. See Eaton v. Tulsa, 415 U.S. 697, 698-99 (1974). It is clear from the record that the district court, contrary to Parker's assertions, considered the entire colloquy between Parker and the court prior to sentencing Parker for contempt of court. Thus, based on a review of the facts and circumstances outlined in the district court's contempt order, we find that Parker's actions interfered with the administration of justice and conclude that the district court's determination that Parker was in contempt of court was not an abuse of discretion. See 18 U.S.C. § 401(1) (1994); see also United States v. Warlick, 742 F.2d 113, 115-16 (4th

2

Cir. 1984); In re Chaplain, 621 F.2d 1272, 1276 (4th Cir. 1980) (in banc).

Accordingly, we affirm the district court's use of its summary contempt powers pursuant to Fed. R. Crim. P. 42(a). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

3